Jon A. Visosky
DOOLEY ROBERTS & FOWLER LLP
865 South Marine Corps Drive, Suite 201
Tamuning, Guam 96913
Tel.: (671) 646-1222
Fax: (671) 646-1223
visosky@guamlawoffice.com

Attorneys for Plaintiff Shannon Clay,
in her personal capacity and in her capacity
as the personal representative of the
Estate of Anthony Mario Mocci aka
Tony Michael Mark aka Tony Mark

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Shannon Clay, in her personal capacity and in her capacity as the personal representative of the Estate of Anthony Mario Mocci aka Tony Michael Mark aka Tony Mark,<br><br>    Plaintiffs,<br>v.<br><br>Qiurong Jie - Davis and Darren Davis,<br><br>    Defendants. | CIVIL CASE NO. CV_____<br><br>**Complaint and**<br>**Jury Demand** |

Plaintiff Shannon Clay ("Ms. Clay") in her personal capacity and in her capacity as the Personal Representative of the Estate of Anthony Mario Mocci aka Tony Michael Mark and Tony Mark ("Tony Mark") for her claims against Defendants Qiurong Jie - Davis ("Ms. Davis") and Darren Davis ("Mr. Davis") wife and husband (collectively "Defendants") alleges:

### Parties

1. Plaintiff Shannon Clay is the daughter of the deceased Anthony Mario Mocci aka Tony Michael Mark aka Tony Mark. Ms. Clay is a citizen and resident of Colorado and was appointed

as the personal representative of her father's estate in *The Estate of Anthony Mario Mocci aka Tony Michael Mark and Tony Mark*, P. No. 15-1-0594 in the First Circuit Court of Hawaii.

2. Tony Mark died May 24, 2015 at the age of 88 while in the U.S. Naval Hospital Guam comfort care facility.

3. Defendant Qiurong Jie - Davis is a citizen and resident of Ohio, the wife of Defendant Darren Davis, and the ex-wife of Tony Mark. Ms. Davis and Tony Mark divorced in 2011.

4. Mr. Davis is a citizen and resident of Ohio, and the husband of Ms. Davis.

5. The amount in controversy is more than $5,000,000.00.

## Jurisdiction

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000.00.

## Venue

7. Venue in the District of Guam is proper pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred on Guam.

## Allegations Common to All Claims

8. Around October 23, 2001 Tony Mark named his daughter, Ms. Clay, as the beneficiary of a Bank of Hawaii "ITF" (in trust for) IRA account ending in #2472.

9. Ms. Davis and Tony Mark married in 2009, and divorced after only two (2) years and eight (8) months of marriage, in approximately August of 2011. Tony Mark was approximately fifty-three (53) years older than Ms. Davis.

10. During the marriage Tony Mark never named Ms. Davis as a co-owner or beneficiary on any of his accounts.

11. While the divorce was pending, on July 8, 2011, Tony Mark named his daughter, Ms. Clay, as a co - account owner on a Bank of Hawaii "ITF" (in trust for) checking account ending in #4121.

12. As a result, according to a handwritten letter from Tony Mark to Ms. Clay, as of July 23, 2011 Tony Mark had placed three (3) Bank of Hawaii accounts, the checking account, the IRA account, and a CD account, in trust for Ms. Clay as sole beneficiary. A copy of the July 23, 2011 letter is attached as **Exhibit 1**.

13. In May of 2014, at the age of 87, while he was residing on Tinian in the Commonwealth of the Northern Mariana Islands ("CNMI") Tony Mark suffered physical injuries which resulted in his hospitalization in the CNMI.

14. Due to his May, 2014 physical injuries and his advanced age, Tony Mark became disabled, incompetent and unable to care for himself and his financial affairs.

15. Upon learning of Tony Mark's advanced age, fragile health, and mental incapacity, Defendants sensed an opportunity to take advantage of Tony Mark's failing condition.

16. Accordingly, Defendants created a fiduciary and confidential relationship with Tony Mark by inserting themselves into his financial, personal and health care affairs, with the intent of depriving him of his assets during his dying days, and thus deprived Ms. Clay of the benefits she would have received as Tony Mark's daughter and account beneficiary or co-owner.

17. Due to his advanced age, fragile health, and mental incapacity, and the fiduciary and confidential relationship created by Defendants, Tony Mark became dependent on the Defendants.

18. As a result, Tony Mark and the Defendants did not deal on equal terms, and the Defendants were in a superior position to exert unique and undue influence and duress over Tony Mark.

19. For example, around May 27, 2014, the Defendants caused to be prepared a document purporting to appoint Ms. Davis as the executor of Tony Mark's possessions. A copy of the document is attached as **Exhibit 2**.

20. On May 4, 2015, the Defendants allegedly found Tony Mark in his home in Tinian, emaciated and dehydrated. At that time Tony Mark was allegedly having difficulty preparing food for himself and so had had little to eat or drink over the last several days.

21. Nonetheless, as of May 8, 2015 Ms. Clay was the beneficiary of Tony Mark's checking account ending in #4121 and Tony Mark's other accounts.

22. On May 8, 2015, approximately sixteen (16) days before he died, Tony Mark was receiving hospice care at the U.S. Naval Hospital Guam comfort care facility due to his rapidly deteriorating condition, and was being treated with morphine and/or other medications.

23. On May 8, 2015 Defendants caused Tony Mark to add Ms. Davis as a joint owner on his Bank of Hawaii checking account ending in #4121, replacing Ms. Clay, and caused Tony Mark to add Mr. Davis as the sole account beneficiary on the Bank of Hawaii accounts, again replacing Ms. Clay.

24. Defendants intentionally caused Tony Mark to make these Bank of Hawaii account changes knowing that he was not of sound mind, and in order to manipulate him for their own personal gain, and in order to deprive Ms. Clay of her rights.

25. On May 21, 2015, Tony Mark purportedly signed a letter instructing the Bank of Hawaii to close out his CD account and deposit the CD funds into his checking account ending in #4121. Upon information and belief the letter was not prepared by Tony Mark, but was instead prepared by Defendants. Tony Mark's signature on the letter is essentially illegible. A copy of the letter is attached as **Exhibit 3**.

26. As stated above, Tony Mark died May 24, 2015 at the age of 88 while in the U.S. Naval Hospital Guam comfort care facility.

27. After Tony Mark died, the value of the account ending in #2472 was approximately $44,933.96 on the date it was transferred to Mr. Davis.

28. After Tony Mark died, the value of the checking account ending in #4121 was approximately $124,265.56 on the date it was transferred to Ms. Davis.

## 1st CAUSE OF ACTION:
### Conversion of Account Funds

29. Prior to being defrauded and coerced into changing his accounts, due to the duress and undue influence exerted by Defendants as described above, Tony Mark owned the Bank of Hawaii accounts.

30. The wrongful and tortious acts of Defendants in causing Tony Mark to change his accounts as alleged above, interfered with Tony Mark's ownership and possession of the accounts.

31. Thus the Defendants tortiously converted Tony Mark's interest in the Bank of Hawaii account funds.

32. As a result, Tony Mark suffered damage in amounts to be proven at trial.

33. The Defendants acted with oppression, fraud, and/or malice, express or implied, thereby entitling Ms. Clay to recover, on behalf of Tony Mark's estate, and on behalf of herself as a third party beneficiary, exemplary or punitive damages in the amount of $5,000,000.00 jointly and severally against Defendants.

34. Ms. Clay has incurred and continues to incur attorney's fees in attempting to recover the Bank of Hawaii account funds on behalf of Tony Mark's estate, in amounts to be proven at trial.

35. Under Guam law Ms. Clay is entitled to her attorney's fees in this action in attempting to recover the Bank of Hawaii account funds. *See Mariano v. Surla,* 2010 Guam 2, ¶ 57 ("[T]he

*Clay v. Davis, et. al*
Complaint

Superior Court has 'the inherent discretionary power to award attorney's fees in accordance with equitable principles in specified circumstances.'" (Quoting *Fleming v. Quigley*, 2003 Guam 4, ¶ 32.)

## 2nd CAUSE OF ACTION:
### Tortious Interference with 3rd Party Rights and Inheritance Rights

36. Ms. Clay had both a third party beneficiary interest and an heirship interest in the Bank of Hawaii accounts.

37. The Defendants by virtue of their acts described above, wrongfully interfered with Ms. Clay's interests.

38. The Defendants' acts above constitute tortious conduct, including fraud, duress and undue influence over Tony Mark.

39. Absent the Defendants' fraud, duress and undue influence over Tony Mark, there is a reasonable certainty that the transfer of the Bank of Hawaii account funds to Ms. Clay would have occurred.

40. As a result, Ms. Clay suffered damages in the amount of the Bank of Hawaii account funds transferred to the Defendants, plus exemplary or punitive damages in the amount of $5,000,000.00 jointly and severally against Defendants, based on Defendants oppression, fraud, and/or malice, as alleged above.

41. Under *Mariano v. Surla*, 2010 Guam 2, ¶ 57, Ms. Clay is entitled to her attorney's fees in attempting to recover the Bank of Hawaii account funds.

## 3rd CAUSE OF ACTION:
### Tortious Interference with Contract

42. As co-owner and/or account beneficiary Ms. Clay had a contractual interest in the Bank of Hawaii accounts.

43. The Defendants by virtue of their acts described above, wrongfully interfered with Ms. Clay's contract interest in the accounts.

44. The Defendants' acts constitute tortious conduct, including fraud, duress and undue influence over Tony Mark.

45. Absent the Defendants' fraud, duress and undue influence over Tony Mark, there is a reasonable certainty that the transfer of the Bank of Hawaii account funds to Ms. Clay would have occurred.

46. As a result, Ms. Clay suffered damages in the amount of the Bank of Hawaii account funds transferred to the Defendants, plus exemplary or punitive damages in the amount of $5,000,000.00 jointly and severally against Defendants, based on Defendants oppression, fraud, and/or malice, as alleged above.

47. Under *Mariano v. Surla,* 2010 Guam 2, ¶ 57, Ms. Clay is entitled to her attorney's fees in attempting to recover the Bank of Hawaii account funds.

## 4th CAUSE OF ACTION:
### Fraud

48. In deceiving Tony Mark into changing his accounts, and purportedly transferring the funds to the Defendants, the Defendants committed actual and/or constructive fraud against Tony Mark.

49. In acting as described above, the Defendants acted with oppression, fraud, and/or malice, express or implied, thereby entitling Ms. Clay to recover, on behalf of Tony Mark's estate, and on behalf of herself as a third party beneficiary, damages in the amount of the Bank of Hawaii account funds transferred to the Defendants, plus exemplary or punitive damages in the amount of $5,000,000.00 jointly and severally against Defendants.

50. Under *Mariano v. Surla,* 2010 Guam 2, ¶ 57, Ms. Clay is entitled to her attorney's fees in attempting to recover the Bank of Hawaii account funds.

### 5th CAUSE OF ACTION:
### Breach of Fiduciary Duty

51. Based on their actions as described above, the Defendants breached their fiduciary duties to Tony Mark, causing Tony Mark damages.

52. Accordingly, Ms. Clay on behalf of Tony Mark's estate is entitled to recover damages, including exemplary or punitive damages, in amounts to be proven at trial.

53. In acting as described above, the Defendants acted with oppression, fraud, and/or malice, express or implied, thereby entitling Ms. Clay to recover, on behalf of Tony Mark's estate, and on behalf of herself as a third party beneficiary, damages in the amount of the Bank of Hawaii account funds transferred to the Defendants, plus exemplary or punitive damages in the amount of $5,000,000.00 jointly and severally against Defendants.

54. Under *Mariano v. Surla,* 2010 Guam 2, ¶ 57, Ms. Clay is entitled to her attorney's fees in attempting to recover the Bank of Hawaii account funds.

### 6th CAUSE OF ACTION:
### Declaratory Relief

55. This Court is authorized to issue a declaratory judgment determining the rights and duties of the parties to the Bank of Hawaii accounts.

56. Based on the allegations above, Ms. Clay seeks a declaratory judgment determining that she is the owner of all the funds that were in Tony Mark's Bank of Hawaii accounts as of the date of his death.

### 7th CAUSE OF ACTION:
### Constructive Trust

57. The Defendants were unjustly enriched as a result of the fraudulent conversion of the

account funds as described above.

58. Accordingly, the Court should deem the account funds to be held in a constructive trust for the benefit of Ms. Clay and/or Tony Mark's estate.

## Jury Demand

59. Pursuant to Federal Rules of Civil Procedure 38, Ms. Clay hereby demands a trial by jury in this action of all issues triable by jury.

**WHEREFORE**, Plaintiff Shannon Clay prays for judgment awarding her and Tony Mark's estate:

1. Damages in amounts to be proven at trial, including the value of the account funds, attorney's fees and exemplary damages.

2. A judgment declaring Ms. Clay as the owner of all the funds that were in Tony Mark's Bank of Hawaii accounts as of the date of his death.

3. A constructive trust for Ms. Clay's benefit as to of all the funds that were in Tony Mark's Bank of Hawaii accounts as of the date of his death.

4. Costs of suit.

5. Such other relief as the Court deems proper.

Dooley Roberts & Fowler LLP

Date: May 25, 2016

By: _____
Jon A. Visosky
Attorneys for Plaintiff Shannon Clay,
in her personal capacity and in her capacity
as the Personal Representative of the
Estate of Anthony Mario Mocci aka
Tony Michael Mark aka Tony Mark

F:\1\05 Civil\C-534 Clay, Shannon v Davises\Clay v Davises, CV _____\01 Complaint 06 (federal).docx

"FOR YOUR EYES ONLY"

NAME OF A JAMES BOND MOVIE?

FOLLOWING IS INFORMATION AS SUCH....

THERE ARE THREE ACCOUNTS AT THE

BANK OF HAWAII IN HONOLULU, HI

THE ONE INCORPORATING ALL THREE IS....

ACCOUNT # ▒▒▒▒▒▒4121
(PUT IN YOUR COMPUTER)

TWO OTHER ACCOUNTS:

ONE C.D. OR CERTIFICATE OF DEPOSIT.

ONE CHECKING ACCOUNT —

ONE RETIREMENT ACCOUNT —

C.D. REMAINS AS IS.... AUTOMATICALLY

RENEWED FOR SPECIFIC PERIODS...

RETIREMENT ACCT - REMAINS AS IS...

AT THIS DATE A $500 OR MORE IS

MARILOU C. LAMBIT
P.O. Box 505697 CK, Saipan, MP 96950

DISTRIBUTED ANNUALLY.
INTEREST FROM C.D A/cs DISTRIBUTED

ALL INTEREST AND DISTRIBUTION
IS CREDITED TO CHECKING ACCT.
I USE THIS FOR DAILY, MONTHLY EXPENSE
ALSO CREDITED IS SOCIAL SECURITY CHECK
TO CHECKING ACCOUNT
A DEBIT ACCT - VISA IS AUTOMATICALLY
PAID FROM CHECKING ACCT.
A MONTHLY STATEMENT ISSUED, MAILED
TO CURRENT ADDRESS.
AS of SAT - JULY 23, 2011 - ALL MONIES
WILL REVERT TO YOU AS SOLE
BENEFICIARY UNDER THE TITLE of I.T.F.
IN TRUST FOR SHANNON CLAY.
8778 E. OTERO PLACE
CENTENNIAL, CO. 80112

UPON MY DEMISE CONTACT BANK of
HAWAII IN HONOLULU.

Hawaii IN Honolulu.

A simple way to avoid confusion

Tee client

TONY MARK

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 25th DAY OF July, 2011
BY: Tony Mark

MARILOU G. LAMBAT
P.O. Box 505697 CK, Saipan, MP 96950
Notary Public Reg. No. 483A
BY AND FOR THE COMMONWEALTH
OF THE NORTHERN MARIANA ISLANDS
My Commission Expires: 2/20/14

May 27, 2014

I, TONY M. MARK, being of sound body and mind, write my last will.

Qiurong Jie – Davis is named as executor of all possessions including any vehicle and summary of all accounts at the Bank of Hawaii, P.O. Box 2900, Honolulu Hawaii 96846-6800.

Upon my demise, body sent to:

US Navy Hospital – Guam
Agana Heights, Guam 96919

Signed:

*Tony M. Mark*
Tony M. Mark



COMMONWEALTH OF THE NORTHERN )
)
)
MARIANA ISLANDS )
)  ACKNOWLEDGMENT
TINIAN, MARIANA ISLANDS )

On this 27th of May, 2014, before me, the undersigned notary, personally appeared Tony Mark who executed the within instrument, acknowledged that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I set my hand and official seal.

VICENTE C. REQUIRON JR.
P.O. Box 520800
Tinian, MP 96952
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: 7/17/1K

NOTARY PUBLIC

Exhibit 2

May 21, 2015

Nadine Akiona
Bank of Hawaii

Dear Nadine,

Please close out my CD and deposit the funds into my checking account # ███████4121.
I understand that there will be an early close out penalty.

Your assistance is greatly appreciated.

*[signature]*   21 MAY 15
Ton Mark

BANK OF HAWAII
RECEIVED
JUN 21 2015
[illegible]

Recd f,
Guam B
Sally
Respecio

Exhibit 3

Case 1:16-cv-00045   Document 1   Filed 05/25/16   Page 15 of 15