# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHANNON CLAY in her personal capacity and in her capacity as the personal representative for the Estate of Anthony Mario Mocci aka Tony Michael Mark aka Tony Mark,<br><br>Plaintiff,<br><br>vs.<br><br>QIURONG JIE – DAVIS and DARREN DAVIS,<br><br>Defendants. | CIVIL CASE NO. 16-00045<br><br>**DECISION AND ORDER**<br>**RE MOTION TO DISQUALIFY** |

Before the Court is Defendants' Motion to Disqualify Chief Judge. *See* ECF No. 28. Therein, defense counsel Gary W.F. Gumataotao ("Gumataotao"), representing Defendants Quirong Jie-Davis and Darren Davis,[1] moves to disqualify me from the above-captioned matter pursuant to 28 U.S.C. § 455(a). For the reasons discussed more fully herein, the motion is hereby **DENIED**.

I. **DISCUSSION**

Section 455(a) of Title 28 of the United States Code provides that "[a]ny justice, judge,

---

[1] In the motion to disqualify, Gumataotao indicates that "he is a counsel for the six (6) individual Defendants." ECF No. 28, at 3. The court questions the accuracy of this statement since there are only two defendants in this case.

1

or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this particular statute is to avoid even the appearance of partiality even though no actual partiality exists. *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 860 (1988). Using the "objective" standard articulated in *Liljeberg*, the court must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (citation omitted).

The Ninth Circuit has laid out the general principles in Section 455(a):

> Section 455(a) *asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits*. The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer. The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice.

*Holland*, 519 F.3d at 913 (internal quotation marks and citations omitted) (emphasis added).

Applying these principles to the present case, I must first examine the facts surrounding the instant motion, because recusal under Section 455(a) is "necessarily fact-driven and may turn on subtleties in the particular case." *Id.* The analysis under this section requires "an independent examination of the unique facts and circumstances of the particular claim at issue." *Id.*

On December 13, 2016, Gumataotao filed the instant motion. ECF No. 28. On that same day, Gumataotao filed a similar motion to disqualify myself in two other cases: *Heath v. Evans*, Adversary Proceeding No. 16-00002 (ECF No. 32); and *In re Takano*, Bankruptcy Case No. 15-00108 (ECF No. 97). On that same day, I denied a separate motion to disqualify filed on December 9, 2016, by Gumataotao and his co-counsel, in *Fernandez v. Guam Education Board et al.*, Civil Case No. 16-00080 (ECF No. 27).

The basis for disqualification in all of these four cases is that my "impartiality might reasonably be questioned" because Gumataotao is counsel for Plaintiff William C. Bischoff, who is suing my brother Phillip J. Tydingco, in *Bischoff v. Rapadas, Weisenberger, and Tydingco*, Superior Court of Guam CV01179-14 (hereinafter "*Bischoff*"). In that case, the plaintiff is seeking over half a million in monetary damages from the defendants. Gumataotao's entry of appearance in *Bischoff* was made on December 6, 2016.

In the decision I issued in *Fernandez*, I questioned Gumataotao's reasons for my disqualification as suspect. Gumataotao is counsel for debtors in thirty bankruptcy cases,[2] one adversary proceeding,[3] and two civil cases,[4] which are all currently pending before me. Yet, Gumataotao has failed to file motions for disqualification in *all* of these proceedings. Aside from the present motion, as noted above, he filed only three other motions for disqualification out of the thirty-three cases he has before me. In addition, Gumataotao appeared before me on December 9, 2016, three days after his entry of appearance in *Bischoff*, in two bankruptcy matters[5] and yet, Gumataotao did not question my presiding over those two hearings. Certainly, if Gumataotao genuinely believed that an appearance of partiality exists on my part, because he is counsel to the plaintiff who is suing my brother, he would have asked that I be disqualified in all the cases he has before me. But he did not do that. Instead, he only asked that I be disqualified in four cases.

To cherry-pick cases that he wants me to be disqualified from, I viewed this as judge-

---

[2] Bankruptcy Case Nos. 12-00040, 13-00099, 13-00151, 15-00009, 15-00043, 15-00090, 15-00108, 15-00117, 16-00013, 16-00077, 16-00092, 16-00093, 16-00103, 16-00104, 16-00105, 16-00106, 16-00107, 16-00108, 16-00109, 16-00110, 16-00111, 16-00112, 16-00114, 16-00125, 16-00126, 16-00135, 16-00136, 16-00140, 16-00141, and 16-00150.

[3] *Heath v. Evans*, Adversary Proceeding 16-00002.

[4] *Fernandez v. Guam Education Board, et al.*, Civil Case No. 16-00080, and the present case.

[5] Hearing on reaffirmation agreement with Bank of Hawaii in Bankruptcy Case No. 16-00110, and hearing on reaffirmation agreement with First Hawaiian Bank in Bankruptcy Case No. 16-00110.

3

shopping, which is clearly against the mandate of Section 455's legislative history and puts into question the integrity of the court system if I were to grant it. "Litigants are entitled to an unbiased judge; not to a judge of their choosing." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988), *cert. denied sub nom. Milken v. S.E.C.*, 490 U.S. 1102 (1989).

A day after I issued my decision in *Fernandez*, in his attempt to cure the hole in his argument and to discredit my reasoning for the denial, Gumataotao filed additional twenty-two motions for disqualification on December 14, 2016.[6] Despite these additional filings, I continue to find Gumataotao's motion to disqualify as suspect, given the timing of when these motions were filed.

Moreover, the U.S. Supreme Court explained that:

> … § 455(a) expands the protection of § 455(b), but duplicates some of its protection as well—not only with regard to bias and prejudice but also with regard to interest and relationship. Within the area of overlap, it is unreasonable to interpret § 455(a) (unless the language *requires* it) as implicitly eliminating a limitation explicitly set forth in §455(b). It would obviously be wrong, for example, to hold that "impartiality could reasonably be questioned" simply because one of the parties is in the fourth degree of relationship to the judge." Section 455(b)(5), which addresses the matter of relationship specifically, ends the disability at the third degree of relationship, and that should obviously govern for purposes of §455(a) as well. Similarly, §455(b)(1), which addresses the matter of personal bias and prejudice specifically, contains the "extrajudicial source" limitation—and *that* limitation (since nothing in the text contradicts it) should govern for purposes of §455(a) as well.

*Liteky v. United States*, 510 U.S. 540, 552-53 (1994). The requirement that a judge recuse herself because of a relationship in a proceeding is specifically governed under Section 455(b)(5). That section requires that a judge disqualify herself if she or a person within third degree of

---

[6] BK 16-00013, BK 16-00092, BK 16-00093, BK 16-00103, BK 16-00104, BK 16-00105, BK 16-00106, BK 16-00107, BK 16-00108, BK 16-00109, BK 16-00110, BK 16-00111, BK 16-00112, BK 16-00114, BK 16-00125, BK 16-00126, BK 16-00135, BK 16-00136, BK 16-00140, BK 16-00141, BK 16-00150, and BK 13-00097 (this case is closed and there is a pending motion to reopen).

relationship is "a party to the proceeding . . . is acting as a lawyer in the proceeding . . . is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding . . . is to the judge's knowledge likely to be a material witness in the proceeding." 28 U.S.C. §455(b)(5). Although my brother falls within the third degree of relationship, he is not a party to *this* proceeding. Gumataotao points to no facts that would allow a reasonable person to conclude that my brother is a party to *this* litigation or has an interest in a party to *this* litigation. I also note that Gumataotao himself is not a party to the *Bischoff* litigation but rather, he is merely counsel to the plaintiff.

## II. CONCLUSION

After having thoroughly reviewed the facts particular to this case and the facts surrounding the motions to disqualify in the other cases, there is an absence of a legitimate reason for me to disqualify myself from this case. A reasonable person with knowledge of all the facts would not find that my impartiality might reasonably be questioned. Accordingly, based on the foregoing, the motion to disqualify is hereby **DENIED**.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: December 19, 2016**